UNITED STATES of America,
Appellee,

v.

Jonathon TESSMER, Appellant.

No. 11–1605.

United States Court of Appeals,
Eighth Circuit.

Submitted: Sept. 20, 2011.

Filed: Oct. 21, 2011.

Janis C. Good, AFPD, St. Louis, MO, for appellant.

Eliza Fryer Williams, AUSA, St. Louis, MO, for appellee.

Before RILEY, Chief Judge, COLLOTON and GRUENDER, Circuit Judges.

PER CURIAM.

Jonathon Tessmer was convicted of mailing a threatening communication in violation of 18 U.S.C. § 876(c). The district court [1] concluded that Tessmer qualified as a career offender under U.S.S.G. § 4B1.1 on the basis that mailing a threatening communication is a crime of violence, and it imposed a 46–month sentence. Tessmer timely appeals, contending that the career offender designation was in error. He argues that the offense of mailing a threatening communication is not a crime of violence because it requires neither intent nor means to carry out the threat.

■ This Court reviews *de novo* a district court's determination that a conviction constitutes a crime of violence under the sentencing guidelines. *United States v. Craig*, 630 F.3d 717, 723 (8th Cir.2011). A "crime of violence" is defined as any offense under federal or state law that is punishable by imprisonment for a term exceeding one year and (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is a burglary of a dwelling, an arson, or an extortion; involves the use of explosives; or otherwise involves conduct that presents a serious potential risk of physical injury to another. U.S.S.G. § 4B1.2(a).

■ We have previously determined that the offense of mailing a threatening communication in violation of 18 U.S.C. § 876(c) is a crime of violence. *United*

*States v. Left Hand Bull*, 901 F.2d 647, 649 (8th Cir.1990). To be convicted of mailing a threatening communication, the defendant must knowingly deposit or cause to be delivered a communication "addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another." 18 U.S.C. § 876(c). In *Left Hand Bull*, we held that mailing a threatening communication is categorically a crime of violence because "[a]n essential *element* of § 876(c) is that the communication convey a 'threat to injure the person of the addressee or of another,'" and that element "falls squarely within the definition of a crime of violence." 901 F.2d at 649 (emphasis added); *see also United States v. Bellrichard*, 62 F.3d 1046, 1050 (8th Cir.1995) (upholding § 876(c) against a First Amendment challenge because it requires "direct threats of force … toward other persons"). Thus, our precedent establishes that mailing a threatening communication in violation of 18 U.S.C. § 876(c) is categorically a crime of violence because it has as an element the "threatened use of physical force against the person" of another.

Tessmer contends that *Left Hand Bull* is no longer good law after *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008). However, *Begay* analyzed solely the analogous residual clause of 18 U.S.C. § 924(e)(2)(B); that is, whether a crime presents a serious potential risk of physical injury to another that is roughly similar in kind and degree of risk to burglary, arson, extortion, and offenses involving the use of explosives. *See Begay*, 553 U.S. at 143, 128 S.Ct. 1581. In contrast, *Left Hand Bull* determined that

---

The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

§ 876(c) constituted a crime of violence under the separate "has as an element the ... threatened use of physical force" clause of U.S.S.G. § 4B1.2(a)(1), and not the residual clause of § 4B1.2(a)(2). Therefore, *Begay* does not affect the holding of *Left Hand Bull.*

For the foregoing reasons, we affirm.